**STATE of Indiana ex rel. Scott BISHOP, Relator,**

v.

**The MADISON CIRCUIT COURT and The Honorable Fredrick Spencer, as Judge thereof, Respondents.**

No. 48S00–9709–OR–508.

Supreme Court of Indiana.

Jan. 27, 1998.

Douglas R. Long, Anderson, for Relator.

Jeff Modisett, Attorney General, for Respondents.

## ORIGINAL ACTION

PER CURIAM.

This original action comes before the Court on a Verified Petition for Writ of Mandamus and accompanying application papers filed by counsel on behalf of the relator herein, Scott Bishop. The Court's jurisdiction over the case arises under Indiana Original Action Rule 1(A) and Indiana Appellate Rule 4(A)(5).

The record of proceedings reveals that relator appeared before the respondent court on May 21, 1996 to answer separate criminal charges of Intimidation and Harassment. He pled not guilty. No trial date was set at that hearing. The case progressed in the ordinary course for about three months when, on August 16, 1996, relator filed a motion to compel discovery. No immediate response was filed by the State and the respondent court did nothing. Eleven months later—on July 14, 1997—the State filed a response along with a request that the respondent court set a trial date. By that time, however, charges had been pending against relator for almost fourteen months.

---

Two days after the State filed its request for a trial date, relator filed an objection to the setting of a trial date and a motion requesting that the charges against him be discharged and dismissed pursuant to Indiana Criminal Rule 4(C). Following a hearing, the motion for discharge was denied without explanation and a trial date was set. This original action was filed by relator on September 23, 1997. Although invited by the Court by order issued that same date, no initial response was filed on behalf of the respondent court.

Indiana Criminal Rule 4(C) provides, in significant part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later ... Any defendant so held shall, on motion, be discharged.

Criminal Rules 4(C), 4(D), and 4(F) contain a number of exceptions to the operation of the "one year" requirement of 4(C), none of which are applicable to this case.

Plainly, relator was held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against him were filed. There is nothing in the record of proceedings suggesting that the delay in bringing this case to trial—indeed, the delay in even setting a trial date—was in any way attributable to the relator. Accordingly, on October 27, 1997, the Court issued a writ of mandamus directing the respondent court to discharge relator.

We publish this opinion to make a more public record of the continuing importance of Criminal Rule 4(C).

All Justices concur.